**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KEITH DUBOIS** | * | **CIVIL ACTION NO. ________** |
| | * | |
| **VERSUS** | * | **SECTION "__" ____** |
| | * | |
| **ELEVATING BOATS, L.L.C. and FIELDWOOD ENERGY, LLC** | * | **JUDGE ___________** |
| | * | |
| | * | **MAGISTRATE ____________** |

**************************************************************************

**COMPLAINT FOR DAMAGES UNDER THE JONES ACT, ETC.**

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

The complaint of Keith Dubois, a person of majority age, with respect represents:

1.

Made Defendants herein are ELEVATING BOATS, L.L.C., a Limited Liability company, and FIELDWOOD ENERGY, LLC, a Limited Liability company, both qualified to do and doing business in the state and judicial district at all times,

2.

On or about June 16, 2015 Defendants, ELEVATING BOATS, L.L.C. and FIELDWOOD ENERGY, LLC, owned, operated and controlled the M/V MIKE MARTIN, a lift boat, and Defendant, ELEVATING BOATS, L.L.C., employed Plaintiff, Keith Dubois, as a deckhand on the vessel, for which he earned an average annual earnings of approximately $41,000.00, plus found and fringe benefits.

3.

On or about June 16, 2015, while the M/V MIKE MARTIN was in navigable waters, Plaintiff sustained severe, painful, and disabling injuries to his neck, and other parts of his body as a result of the negligence of Defendants, ELEVATING BOATS, L.L.C., FIELDWOOD ENERGY, LLC, and the unseaworthiness of the M/V MIKE MARTIN. Plaintiff was injured when he was coming out of an under-deck supply storage unit via a ladder. As he was egressing, the hatch that covers the supply storage unit came down and struck him in the head. Plaintiff was holding onto the ladder with one hand and trying to reopen the hatch when it came down and struck him again. The hatch did not have a safety latch to keep it in place while it was being used. Plaintiff injured his neck resulting in excruciating pain from his neck to his upper extremities.

4.

By reason of the foregoing, Plaintiff has suffered past and future physical and mental pain and suffering, permanent physical scarring and disability and loss of wage earning capacity for which Plaintiff seeks and is entitled to recover from Defendants, compensatory damages in an amount reasonable under the circumstances of this cause, plus found and fringe benefits.

5.

Plaintiff brings this cause of action against the aforesaid Defendants pursuant to the Jones Act, 46 U.S.C. §30104, et seq.

**AND FOR A SECOND CAUSE OF ACTION**

6.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

7.

As a result of the shipboard injuries described herein which manifested themselves while Plaintiff was in the service of the M/V MIKE MARTIN, Plaintiff has sought reasonable and necessary medical treatment, and is entitled to maintenance at a rate of $50.00 per day.

8.

The Defendants are aware of Plaintiff's need for medical care for the injury caused by and manifested while Plaintiff was in the service of its vessel, which treatment Plaintiff continues to need, wants and intends to undergo and has also requested that Defendants authorize and pay for his prescribed medical treatment.

9.

Despite Plaintiff's request, the Defendants have arbitrarily, capriciously and without legal cause, failed and/or refused to investigate Plaintiff's claim of entitlement to cure and to authorize pay for his necessary medical treatment and maintenance payments of $50.00 per day.

10.

As a result of Defendants' negligence, willful, arbitrary and capricious failure to investigate Plaintiff's cure claim, provide prescribed medical treatment for Plaintiff's injuries and pay maintenance benefits, Plaintiff's physical and mental pain and suffering have been aggravated and intensified and his recovery has been prolonged, delayed and impaired.

11.

By reason of the foregoing, Plaintiff seeks, and is entitled to recover from Defendants, all expenses associated with necessary reasonable medical care from June 16, 2015 until he reaches

maximum medical cure according to his treating physician, and payment of maintenance at $50.00 per day during this same time period.

12.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages for Defendants' refusal to honor its cure obligation in an amount reasonable under the circumstances of this cause, plus reasonable attorney's fees in an amount to be set by this Court because Plaintiff had to retain counsel to pursue this cause of action.

13.

Plaintiff brings this second cause of action against the aforesaid Defendants pursuant to the Jones Act, 46 U.S.C. §30104, et seq.

14.

**WHEREFORE**, Plaintiff, Keith Dubois, prays for judgment in his favor and against Defendants, ELEVATING BOATS, L.L.C. and FIELDWOOD ENERGY, LLC, for past and future maintenance and cure and for compensatory damages in an amount reasonable under the circumstances of this cause, plus reasonable attorneys' fees, and for all taxable costs and interest as allowed by law.

Respectfully submitted,

/s/ Paul M. Sterbcow
Paul M. Sterbcow (LSB No. 17817)
Beth E. Abramson (LSB No. 27350)
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504)588-1500
Fax: (504)588-1514
Email: sterbcow@lksalaw.com
Email: babramson@lksalaw.com

OF COUNSEL
Matthew D. Shaffer, Esq.
Texas Bar #18085600
Schechter, McElwee, Shaffer, & Harris, L.L.P.
3200 Travis, 3rd Floor
Houston, Texas 77006-3636
(713) 524-3500 Telephone
(713) 751-0412 Facsimile
Email: mshaffer@smslegal.com

**PLEASE SERVE:**

**ELEVATING BOATS, L.L.C.**
Through their registered agent
Ken P. Serigne
124 Finish Line Lane
Houma, Louisiana 70360

And

**FIELDWOOD ENERGY, LLC**
Through their registered agent
Capitol Corporate Services, Inc.
8550 United Plaza Building II, Suite 305
Baton Rouge, LA 70809